4 F.3d 996
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Isiah EVANS, III, Plaintiff/Appellant,
v.
BUREAU OF PRISONS and Gary L. Henman, Warden, Defendants/Appellees.
 No. 92-2857.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 17, 1993.*
Decided Sept. 2, 1993.
 
 Before MANION and ROVNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Isiah Evans, III, a federal prisoner, brought a Bivens action and a tort claim against the Bureau of Prisons and Gary Henman, the Warden at the United States Penitentiary at Marion, Illinois. Evans alleged that he suffered injuries to his throat and abdomen as a result of "metallic like substances" which appeared in his food several times in late 1987. The magistrate judge recommended that the defendants' motion for summary judgment be granted and that Evans' cross-motion for summary judgment be denied. The district court reviewed the magistrate judge's report and recommendation and Evans' objections, then adopted the magistrate judge's recommendation, entering judgment in favor of the defendants. Evans appeals.
 
 
 2
 In order to sustain his Bivens action, Evans was required to present evidence showing that the defendants intentionally and deliberately placed metal flakes in his food in order to punish him. Wilson v. Seiter, 111 S.Ct. 2321 (1991). A showing of negligence will not suffice. McGill v. Duckworth, 944 F.2d 344 (7th Cir.1991), cert. denied, 112 S.Ct. 1265 (1992). The undisputed evidence shows that in November of 1987 x-rays were taken of Evans in a contraband search which did not reveal metal flakes. Subsequent visits to medical personnel for various ailments did not include complaints regarding the ingestion of metal flakes. In July of 1989, Evans complained of pains in his throat and stomach. In April and May of 1990, x-rays were taken again which failed to reveal metal flakes or injuries caused by metal flakes. Evans has not presented any evidence that the defendants deliberately intended to harm him, nor has he shown any injury resulting from metal flakes.
 
 
 3
 Although the district court addressed Evans' claim under the Federal Tort Claims Act (FTCA), Evans does not pursue this claim on appeal. To the extent that it is raised by passing reference to "tort" in his brief, we cannot consider the FTCA claim because the district court lacked subject matter jurisdiction to consider the claim. A governmental agency, such as the Bureau of Prisons, cannot be sued in its own name; the action must be brought against the United States. Hughes v. United States, 701 F.2d 56, 58 (7th Cir.1982). Because Evans named the Bureau of Prisons and the warden of the prison, without specifically naming the United States, the district court lacked subject matter jurisdiction over the FTCA claim. See Finley v. United States, 490 U.S. 545, 552-53 (1989).[1]
 
 
 4
 Evans also opposes the denial of his cross-motion for summary judgment on a claim for intentional infliction of emotional distress. He did not raise this claim in his complaint. Furthermore, he has not produced enough evidence to support such a claim.
 
 
 5
 Evans raises a myriad of other claims concerning the district court proceedings. He asks this court to reverse the grant of summary judgment because the district court failed to stay the proceedings upon Evans' motion to transfer his suit to the Claims Court. Although the district court is not to take any actions until 60 days after the court rules upon the motion to transfer to the Claims Court, 28 U.S.C. Sec. 1292(d)(4)(B), the failure to stay the proceedings did not have an adverse effect upon Evans' claims. The district court eventually denied the motion to transfer and the motion to stay; because the Federal Circuit has exclusive jurisdiction over appeals denying transfer to the Claims Court, 28 U.S.C. Sec. 1292(d)(4)(A), we cannot consider whether the denial was proper.
 
 
 6
 Evans claims that the district court failed to consider his objections to the magistrate judge's report and recommendation. To the contrary, the district court plainly stated:
 
 
 7
 Plaintiff has filed an objection to the recommendation; therefore, pursuant to 28 U.S.C. Sec. 636(b)(1), the Court will make a de novo review of those portions of the report to which objections were made.
 
 
 8
 Memorandum and Order, No. 89-3440 (S.D.Ill. Jan. 31, 1992). The Court reviewed the record before finding summary judgment in favor of the defendants appropriate and adopting the magistrate judge's recommendations.
 
 
 9
 Evans raises many other claims regarding the proceedings before the magistrate judge, including dissatisfaction with discovery, the civil sanctions imposed upon him, and the failure to sanction the defendants. The district court may designate a magistrate judge to determine pretrial matters, subject to review by the district court upon the objection of either party. 28 U.S.C. Sec. 636(b)(1)(A); see Fed.R.Civ.P. 72. The district court considered Evans' objections and agreed with the magistrate judge. We find no abuse of discretion on the part of the district court.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Evans does name the United States as a defendant on the cover of his brief and in some random court documents, but he did not name the United States in his complaint. Evans was required to name the United States as a party defendant before the expiration of the FTCA six-month statute of limitations. Hughes, 701 F.2d at 57